In the Matter of Mark E. **WATSON**, Respondent.

No. 84S00–1201–DI–55.

Supreme Court of Indiana.

April 19, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent admits to five counts of misconduct occurring from 2009 through 2011. Respondent converted $1,500 in client fees paid to Respondent's law firm, he converted nearly $6,900 in money orders given to him by several clients for payment to the trustee in their bankruptcy cases, and he made unauthorized charges for personal use on the firm's credit card.

The parties cite the following facts in mitigation: (1) Respondent has no prior disciplinary history; (2) Respondent made complete restitution to his firm and to the bankruptcy trustee before the Commission filed its verified complaint; and (3) Respondent is in therapy for impulse control, substance abuse and behavior associated with his misconduct.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing criminal conversion, and by committing a criminal act

that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** The parties propose the appropriate discipline is suspension for 18 months without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 18 months, without automatic reinstatement, beginning May 31, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DICKSON, C.J., who dissents, believing that the agreed punishment is insufficient in light of the admitted misconduct.